J-S26043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMIR MILLER | : | |
| | : | |
| Appellant | : | No. 2468 EDA 2022 |

Appeal from the PCRA Order Entered September 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008701-2014

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 20, 2023**

Amir Miller appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In September 2015, Miller pled guilty to third-degree murder and carrying a firearm on a public street in Philadelphia.[1] He was sentenced to 12 ½ to 30 years' imprisonment on November 20, 2015. Miller did not file a direct appeal.

Miller previously filed a timely, *pro se* PCRA petition in 2016, his first. Miller claimed ineffectiveness of counsel surrounding his guilty plea and that his sentence was excessive. Counsel was appointed, and subsequently filed a **Finley**[2] no-merit letter and a motion to withdraw as counsel. In his no-merit

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 6108, respectively.

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

letter, PCRA counsel stated that he was unable to review the notes of testimony from Miller's guilty plea hearing because he was informed by the court reporter that those notes were inadvertently destroyed. No-Merit Letter, filed 11/13/17, at 1. PCRA counsel nonetheless concluded that Miller's claims were without merit. *Id.*

The PCRA court issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Miller filed a *pro se* response to the court's Rule 907 notice, in which he claimed, *inter alia*, his trial counsel was ineffective for causing him to enter an unknowing plea and PCRA counsel was ineffective for failing to allege trial counsel's ineffectiveness. *Pro Se* Response to Rule 907 Notice, filed 12/28/17, at 1, 3. Miller also requested that PCRA counsel "explain why his claims have no merit especially since the [court] lost the record of [his] notes of testimony[.]" *Id.* at 4.

The court dismissed the petition and granted PCRA counsel's request to withdraw in January 2018. In an opinion, the court confirmed that the notes of testimony from Miller's plea hearing were inadvertently destroyed by the court reporter, but Miller "present[ed] no evidence or argument indicating that any supplemental oral colloquy conducted at the time of the plea contradicted the averments memorialized in his written colloquy." PCRA Court Opinion, filed 1/11/18, at 4-5, 5 n.3. As a result, the court concluded that Miller entered a knowing, intelligent, and voluntary guilty plea. *Id.* at 4-5. The court also found Miller's remaining claims to be without merit. Miller appealed, and this Court

dismissed his appeal for failure to file a brief. ***Commonwealth v. Miller***, 510 EDA 2018 (Pa.Super. filed January 4, 2019) (*per curium* order).

Miller filed the instant PCRA petition, *pro se*, on July 21, 2022. The PCRA court issued a Rule 907 notice, on August 3, 2022. Miller filed a *pro se* response to the court's Rule 907 notice. On September 1, 2022, the court dismissed the petition. This appeal followed.

Preliminary, we observe that Miller's brief is in violation of Rule of Appellate Procedure 2111(a) because it lacks a statement of jurisdiction, a statement of the scope of review and standard of review, a statement of the questions involved, a statement of the case, and a summary of the argument. ***See*** Pa.R.A.P. 2111(a)(1), (3), (4), (5), and (6). An issue not presented in the statement of questions involved is generally deemed waived. ***Krebs v. United Ref. Co. of Pa.***, 893 A.2d 776, 797 (Pa.Super. 2006). However, we believe we can discern the questions Miller presents from the argument section of his brief. His failure to comply with the Rules of Appellate Procedure does not impede our review, and we decline to find waiver. ***See Werner v. Werner***, 149 A.3d 338, 341 (Pa.Super. 2016).

Miller argues that the destruction of the transcripts of his plea hearing denied him his right to appeal, and he is entitled to a new trial. ***See*** Miller's Br. at 2 (unpaginated). We do not reach the merits of that argument because his PCRA petition was untimely.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the

record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Any petition for PCRA relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii).

Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). The PCRA's time restrictions are jurisdictional, and "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

Miller's instant PCRA petition was filed more than six years after his judgment of sentence became final. Therefore, the petition is facially untimely, and Miller was required to plead and prove at least one of the time-bar exceptions.

Miller attempts to invoke the governmental interference exception to the PCRA time-bar. Miller's Br. at 2 (unpaginated). His sole claim is that the destruction of the notes of testimony of his guilty plea hearing by the Court Reporter Administration constitutes a governmental interference. Miller's Reply Br. at 2. In his view, the unavailability of the notes of testimony has denied him a fair opportunity to challenge his guilty plea. *Id.* at 5. He concludes that "meaningful appellate review is impossible absent a full transcript." Miller's Br. at 3 (unpaginated).

To establish the governmental interference exception, a petitioner must plead and prove that the government interfered with the petitioner's ability to present a claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). The petitioner must show that he would have filed his claim sooner, if not for the interference of a

government actor. ***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018).

Here, Miller failed to file his instant PCRA petition within one year of learning of the destruction of the notes of testimony. ***See*** 42 Pa.C.S.A. § 9545(b)(2). He was first made aware of the destruction of the transcript in PCRA counsel's no-merit letter dated November 13, 2017. Miller himself acknowledged the destruction of the transcript in his *pro se* response to the court's Rule 907 notice to dismiss his first PCRA petition that he filed on December 28, 2017. The PCRA court's January 11, 2018 opinion, which dismissed Miller's first PCRA petition, also discussed the destruction of the transcript. Miller did not file the instant petition until July 21, 2022, more than four years after first learning of the destruction of the transcript. Since Miller did not file his petition within one year of the date the claim could have been presented, it is time-barred. Accordingly, the PCRA court was without jurisdiction to entertain his claim and properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023